**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X          **Case No.**: **26-cv-04690**
JANE DOE,

                                      Plaintiff,

             -against-

COMPASS GROUP USA, INC. and CULINART,
INC.,

                                  Defendants.
------------------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY


**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**
Brittany A. Stevens
Morgan Mickelsen
John Kealey
*Attorneys for Plaintiff*
45 Broadway, 28th Floor
New York, New York 10006
(212) 248-7431

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF MATERIAL FACTS ................................................................................... 2

LEGAL STANDARD............................................................................................................... 2

ARGUMENT............................................................................................................................ 3

    I.     PLAINTIFF'S ALLEGATIONS  ARE
          HIGHLY SENSITIVE AND OF A PERSONAL NATURE...................................... 3

    II.    THERE IS HIGH RISK OF RETALIATION
          AND PHYSICAL HARM TO PLAINTIFF................................................................ 4

    III.   ANONYMOUS PROCEEDINGS WILL NOT PREJUDICE DEFENDANTS .... 5

    IV.   PLAINTIFF HAS PRESERVED CONFIDENTIALITY......................................... 6

    V.    THERE IS STRONG PUBLIC INTEREST IN ANONYMITY............................. 6

CONCLUSION ........................................................................................................................ 7

i

# TABLE OF AUTHORITIES

**Cases**

*Doe v. Black*,
  2023 U.S. Dist. LEXIS 147645 (S.D.N.Y. Aug. 18, 2023) ........................................................ 3
*Doe v. Cruz*,
  2024 U.S. Dist. LEXIS 62387 (S.D.N.Y. Apr. 4, 2024) ......................................................... 3, 6
*Doe v. Gooding*,
   2022 U.S. Dist. LEXIS 68607 (S.D.N.Y. Apr. 13, 2022) ........................................................ 4
*Doe v. Kimmel*,
  2024 U.S. Dist. LEXIS 115009 (S.D.N.Y. June 26, 2024) ........................................................ 6
*Doe v. Morris*,
  2021 N.Y. Misc. LEXIS 2455 (Sup. Ct. N.Y. County Apr. 22, 2021) ..................................... 4, 5
*Doe v. St. Vincent's Servs.*,
  2021 U.S. Dist. LEXIS 256918 (E.D.N.Y. Sept. 27, 2021) ....................................................... 5
*Doe v. Vassar Coll.*,
  2019 U.S. Dist. LEXIS 196933 (S.D.N.Y. Nov. 13, 2019) ....................................................... 3
*Doe No. 2 v. Kolko*,
  242 F.R.D. 193 (E.D.N.Y. 2006) .............................................................................................. 5
*Sealed Plaintiff v. Sealed Defendant #1*,
  537 F.3d 185 (2d Cir. 2008). ............................................................................................ 2, 3, 6

**Statutes**

Fed. R. Civ. P. 10(a) ................................................................................................................. 2

**PRELIMINARY STATEMENT**

This lawsuit concerns sexual harassment, assault and battery that Plaintiff experienced at the hands of her supervisor Prentis Haywood ("Haywood") while employed by Defendants Culinart Inc. and Compass Group USA, Inc. (collectively "Defendants") as a Room Service Associate. Upon her hire in or around October 2024, Haywood, Plaintiff's then supervisor, subjected her to pervasive quid pro quo sexual harassment in the workplace. On or about August 12, 2025, Haywood strangled Plaintiff and threw her against a wall on Defendants' premises. Following the assault, Plaintiff reported the incident to her supervisors and to the New York City Police Department. As a result of Defendants' conduct, Plaintiff subsequently suffered severe emotional, psychological, and financial harm.

Because of the egregious harassment and violence Plaintiff suffered and the ongoing danger she faces, Plaintiff seeks to file this lawsuit under a pseudonym, as a public record would cause Plaintiff severe psychological harm and expose her to serious risk of physical harm. Haywood knew Plaintiff's address but, as Plaintiff understands it, is not in police custody despite Plaintiff filing a police report against him. Plaintiff has already been forced to flee her home and move to another state due to Haywood sexually harassing, assaulting and battering her. Requiring public disclosure of Plaintiff's identity under these circumstances would only compound her trauma, place her in further physical danger, and serve no legitimate countervailing interest. Defendants will suffer no prejudice if Plaintiff is permitted to litigate this matter anonymously, as Defendants are already aware of her identity and have had almost a year to investigate her non-anonymous written complaints of sexual harassment. Furthermore, compelling disclosure would chill Plaintiff's participation in this suit and deter future victims of workplace sexual misconduct from vindicating

1

their legal rights. For these reasons, Plaintiff respectfully requests this Court permit Plaintiff to proceed under a pseudonym.

## STATEMENT OF MATERIAL FACTS

Plaintiff respectfully refers the Court to the factual background described in her Complaint (*see* ECF Doc. No. 1), the Declaration of Morgan L. Mickelsen ("Mickelsen Dec."), and the Affirmation of Jane Doe ("Doe Aff.").

## LEGAL STANDARD

Under Rule 10(a) of the Federal Rules of Civil Procedure, "the title of a complaint must name all the parties," however, courts have created exceptions that allow plaintiffs to proceed anonymously. *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 189 (2d Cir. 2008).

In deciding whether to allow a plaintiff to proceed anonymously, courts consider the following factors:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party [seeking to proceed anonymously] or even more critically, to innocent non-parties;
> (3) whether identification presents other harms and the likely severity of those harms;
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure;
> (5) whether the suit is challenging the actions of the government or that of private parties;
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
> (7) whether the plaintiff's identity has thus far been kept confidential;
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

2

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

*Sealed*, 537 F.3d at 190 (2d Cir. 2008) (internal citations omitted).

"Courts are not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at n.4. Indeed, the "ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.*, 537 F.3d at 189.

## ARGUMENT

Given the pervasive sexual harassment, assault and battery claims that form the basis of this lawsuit, Plaintiff has a substantial privacy right to proceed anonymously that far outweighs the customary presumption of open judicial proceedings. The following analysis of the factors relevant to this lawsuit overwhelmingly supports granting Plaintiff's motion.

I.    **PLAINTIFF'S ALLEGATIONS ARE HIGHLY SENSITIVE AND OF A PERSONAL NATURE**

As to the first factor, Plaintiff's claims concern allegations of quid pro quo sexual harassment, domestic violence including assault and battery, and thus, are highly sensitive and of a personal nature. Here, Plaintiff alleges that Haywood subjected her to quid pro quo sexual harassment and domestic violence, including being strangled on Defendants' premises. *See generally* Compl. Indeed, the Courts in this District routinely allow victims of sexual harassment and/or sexual assault to proceed anonymously. *See, e.g.*, *Doe v. Cruz*, 2024 U.S. Dist. LEXIS 62387, at *2 (S.D.N.Y. Apr. 4, 2024) (allowing the plaintiff to proceed anonymously in a sexual assault matter); *Doe v. Black*, 2023 U.S. Dist. LEXIS 147645 (S.D.N.Y. Aug. 18, 2023) (granting the plaintiff's motion to proceed anonymously where the plaintiff alleged that she had been

3

violently assaulted and verbally abused); *Doe v. Vassar Coll.,* 2019 U.S. Dist. LEXIS 196933, at *5 (S.D.N.Y. Nov. 13, 2019) (permitting the plaintiff to proceed anonymously due to allegations of non-consensual touching). Thus, the first factor weighs heavily in granting Plaintiff's application.

**II.    THERE IS HIGH RISK OF RETALIATION
        AND PHYSICAL HARM TO PLAINTIFF**

The second factor also weighs in favor of granting anonymity, as Plaintiff's identification poses a risk of Haywood causing Plaintiff additional physical and mental harm. When Plaintiff attempted to end her initially consensual relationship with Haywood on many occasions, he would corner her and intimidate Plaintiff until she agreed to continue their relationship. *See* Compl., ¶¶ 51-65. After Haywood strangled Plaintiff, she was finally able to obtain a Temporary Order of Protection against him and end the relationship. *See id.*, ¶ 138. That said, Haywood is not currently in police custody despite her reporting him to the police. *See* Doe Aff., ¶ 8. Since Haywood knew where Plaintiff lived, she sought to move out of state to avoid him. *See id.*, ¶¶ 7-8. To date, Plaintiff has been unable to resume her life as it was due to Haywood sexually harassing, assaulting and battering her. *See id.*, ¶ 9. As such, there is a serious risk of further physical and/or emotional harm to Plaintiff if the instant application is not granted.

There are numerous ancillary reasons – in addition to the imminent physical harm Haywood could cause Plaintiff – that support granting this motion in the interest of protecting Plaintiff from further harm. For instance, Plaintiff would suffer additional mental anguish, trauma and embarrassment if she had to proceed publicly. *See, e.g.*, *Doe v. Gooding*, 2022 U.S. Dist. LEXIS 68607, at *12 (S.D.N.Y. Apr. 13, 2022) (granting the plaintiff's request to proceed anonymously where she "recounted embarrassment, depression, and suicidal thoughts"); *Doe v. Morris*, 2021 N.Y. Misc. LEXIS 2455, at *5 (Sup. Ct. N.Y. County Apr. 22, 2021) (granting

4

plaintiff's request to proceed anonymously where "the revelation of plaintiff's name would be tantamount to a re-victimization"). Maintaining Plaintiff's anonymity would also "encourage such victims to cooperate in the prosecution of sexual offenses." *Morris*, 2021 N.Y. Misc. LEXIS 2455, at \*5.

As such, Plaintiff remaining anonymous in this action against Defendants is critical to ensure her continued safety.

## III.    ANONYMOUS PROCEEDINGS WILL NOT PREJUDICE DEFENDANTS

Defendants would not be prejudiced by Plaintiff proceeding anonymously "as Defendants are already aware of Plaintiff's identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is publicly disclosed." *Doe v. St. Vincent's Servs.*, 2021 U.S. Dist. LEXIS 256918, at \*7 (E.D.N.Y. Sept. 27, 2021). "Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, at 198 (E.D.N.Y. 2006).

Here, the Defendants are well aware of Plaintiff's identity as she non-anonymously notified them of her allegations in writing on numerous occasions. Starting in July 2025, Plaintiff submitted multiple complaints about Haywood's conduct in writing to Defendants while they employed her. *See* Compl., ¶¶ 100, 110, 130, 138. On or about September 12, 2025, Plaintiff also submitted a draft of the filed Complaint to both Defendants bearing her name. *See* Mickelsen Dec., ¶ 4. Thereafter, Plaintiff filed a non-anonymous Charge of Discrimination against Defendants with the Equal Employment Opportunity Commission. *See id.*, ¶ 5. As such, Defendants will not be prejudiced by Plaintiff proceeding anonymously because they know her identity and have had almost a year to investigate Plaintiff's claims and prepare defenses.

5

## IV.    PLAINTIFF HAS PRESERVED CONFIDENTIALITY

Plaintiff has taken steps to keep her identity confidential and has not spoken publicly about the incidents that her legal claims against Defendants are based on. *See* Doe Aff., ¶ 10. Furthermore, Plaintiff has since moved out of state to avoid Haywood and further attention concerning this matter. *See id.*, ¶¶ 7, 10. Therefore, the seventh *Sealed Plaintiff* factor weighs in favor of a grant of Plaintiff's application.

## V.    THERE IS STRONG PUBLIC INTEREST IN ANONYMITY

"[W]hile the public has a generalized interest in knowing who is seeking relief in its courts, the public has a stronger — and more particularized — interest in protecting the identities of alleged victims of sexual assault to encourage victims to come forward and report such crimes." *Doe v. Kimmel*, 2024 U.S. Dist. LEXIS 115009, at *2-3 (S.D.N.Y. June 26, 2024). "[M]andating disclosure in these circumstances would be counter to the public interest, as it would chill potential action by others who face discrimination based on their highly stigmatized characteristics from seeking judicial relief." *Doe v. Cruz*, 2024 U.S. Dist. LEXIS 62387, at *4 (S.D.N.Y. Apr. 4, 2024). Here, the public has a strong interest in protecting Plaintiff's identity to encourage victims of sexual harassment and/or assault to vindicate their legal rights, given that her Complaint alleges quid pro quo sexual harassment and domestic violence, including being strangled by Haywood on Defendants' premises. *See generally* Compl.

6

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Leave to Proceed Anonymously in its entirety, and all other relief this Court deems just and proper.

Dated: New York, New York
       June 3, 2026

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

By: _____

Brittany A. Stevens
Morgan Mickelsen
John Kealey
*Attorneys for Plaintiff*
45 Broadway, 28th Floor
New York, New York 10006
Ph: (212) 248-7431
Fax: (212) 901-2107
bstevens@tpglaws.com
mmickelsen@tpglaws.com
jkealey@tpglaws.com

7

## **CERTIFICATION**

In accordance with Local Rule 7.1 for the United States District Court of the Southern District of New York, I hereby certify that the above Memorandum of Law in Support of Plaintiff's Motion to Proceed Anonymously contains 1,740 words.

_____
Morgan Mickelsen

8